## Waters License

*Bezley, Carlin & Mandio,* for appellant.

*William H. Eastburn, 3rd,* for Secretary of Commonwealth.

FULLAM, J., October 8, 1963. — The Secretary of Revenue has entered an order suspending the operating privileges of appellant, John F. Waters, on the basis of an alleged violation of section 624 (8) of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §624, which makes it an offense for any person "To use a false or fictitious name, or give a false or fictitious address, in any application or form required under the provisions of this act, or make a false statement, or conceal a material fact, or otherwise commit a fraud in any application."

The charge grows out of appellant's participation in the submission by his minor son, Edward, of an application for a learner's permit on October 2, 1960.

The form involved consists of a single sheet of paper. The top part of the form is devoted to the application proper, in questionnaire form, with blank spaces for answers, in which the applicant is required to supply certain information. At the end of this questionnaire is

a space for the signature of the applicant, and to the left of the signature a space for the jurat of the official, in this case a notary public, before whom the applicant signed and swore to the application. Beneath the foregoing part of the form, under the heading "affidavit of consent of parent or guardian" appears the following printed statement:

"I hereby certify that I am the parent of the applicant named herein, who is less than eighteen years of age and more than sixteen years of age, and that this application is made with my full consent."

On the line provided for the purpose beneath this statement, appellant duly signed this certification, and his certification was sworn to before a notary public.

The application as filed contained representations by appellant's minor son that his operating privileges had never been suspended or revoked, and that he had never been convicted of "any violation in the operation of a motor vehicle." In point of fact, the minor had been convicted of reckless driving and of driving without an operator's license in March of 1959, and on July 20, 1959, his operating privileges were suspended by reason of such violation and were restored on August 7, 1959.

On the foregoing undisputed facts, it is obvious that appellant did not himself "make a false statement." It remains to consider whether the evidence establishes a violation of that portion of the act, making it an offense to "conceal a material fact, or otherwise commit a fraud in any application."

At the outset, we are confronted with the complete absence of any statutory provision indicating legislative intent to make parents or guardians responsible for the accuracy of statements contained in applications submitted by minors. The applicable section of The Vehicle Code, sec. 606, 75 PS §606, merely sets forth:

"When the application for a learner's permit is made by a person more than sixteen (16) years of age

and less than eighteen (18) years of age, it shall be accompanied by the written consent of a parent or a person in loco parentis, under oath or affirmation of such parent or person in loco parentis."

Subsection A of that section authorizes the secretary to issue a learner's permit upon receipt of an application "when accompanied by an affidavit of consent of a parent or person in loco parentis." The statute seems to draw a consistent distinction between the application and the "accompanying" affidavit of consent.

Even if we assume that the secretary could properly require a parent to vouch for the accuracy of his son's application, it is quite clear that the form adopted by the secretary and used in the present case does not have that effect.

And finally, if we were to make the highly tenuous assumption that by merely signing a completely true and accurate affidavit of consent, appellant could somehow be deemed to have participated in the commission of a fraud by thus making it possible for his son to submit a false application, we are satisfied that no such imputation of guilt could possibly arise unless appellant knew of the falsity of the information supplied by his son in the application proper. There is no evidence that appellant knew of his son's convictions in March of 1959, and the only evidence as to appellant's knowledge of the previous suspension is the testimony of a Commonwealth witness to the effect that appellant consistently denied knowledge of the suspension. The Commonwealth conceded at the hearing that it had no evidence that appellant knew his son's answers were false. It is not unheard-of for teenagers to conceal such escapades from their parents, and we are certainly not prepared to assume that the minor in this case kept his father informed. Actually, on the present record, it does not even appear that the minor himself received notice of the suspension.

In view of these deficiencies, we have no difficulty in concluding that the evidence fails to establish any violation of The Vehicle Code by this appellant. It follows that the suspension order must be reversed.

## Order

And now, October 8, 1963, for the reasons set forth in the foregoing opinion, the order of the Secretary of Revenue suspending appellant's operating privileges is hereby reversed.